## A10A1714. KILLEARN, INC. et al. v. SOUTHERN STRUCTURAL, INC.
### (707 SE2d 882)

DOYLE, Judge.

In 2004, Southern Structural, Inc. ("Southern") filed various breach of contract and fraud claims against Killearn, Inc. ("Killearn"), Majestic Residential, LLC, and various individual defendants. One of these defendants, Drayton Baker, was a resident of Cobb County, Georgia, but the other defendants resided in Henry County or Newton County. After a nine-day trial, the Cobb County jury awarded Southern $532,510.55 against Killearn on the basis that it committed fraud and $790,330.55 against Majestic Residential, LLC, for breach of contract; however, the jury found that Southern had failed to pierce the corporate veil as to the individual defendants, including Baker, the only resident defendant.

Killearn made an oral motion to transfer venue, followed by a written motion. Southern opposed the motion, arguing that the trial court should not retroactively apply OCGA § 9-10-31 (d) in this case because it would affect the parties' substantive rights or, alternatively, that OCGA § 9-10-31 (d) is unconstitutional. The trial court originally denied the motion without explanation, and this Court remanded the case, instructing the trial court to enter an order providing further explanation for its ruling.

On remand, the trial court explained that it would not retroactively apply OCGA § 9-10-31 (d) because doing so would affect the substantive, rather than procedural, rights of the parties by nullifying a jury verdict and, thus, had denied Killearn's motion to transfer venue pursuant to OCGA § 9-10-31 (d). Killearn now appeals.

Previously, Georgia followed a common law version of the doctrine of vanishing venue, which provided that in a suit involving

both resident and nonresident defendants, a trial court was divested of venue of any nonresident defendants in the event that no verdict was returned against the resident defendants. In that instance, the trial court lost jurisdiction to enter a judgment against the nonresident defendants.[1] In 1999, the Georgia Legislature amended OCGA § 9-10-31 (b) "to prevent the vanishing venue loophole by allowing for a pre-trial determination of venue."[2] Thus, at the time this case was filed in 2004, vanishing venue was not the applicable law of this State.

As part of the Tort Reform Act of 2005, however, the Legislature statutorily revived the rule of vanishing venue under OCGA § 9-10-31 (d). The statute now provides:

> If all defendants who reside in the county in which an action is pending are discharged from liability before or *upon the return of a verdict by the jury* or the court hearing the case without a jury, *a nonresident defendant may require that the case be transferred to a county and court in which venue would otherwise be proper.* If venue would be proper in more than one county, the plaintiff may elect from among the counties in which venue is proper the county and the court in which the action shall proceed.[3]

On appeal, Killearn argues that the trial court erred by refusing to retroactively apply OCGA § 9-10-31 (d) and grant its post-judgment motion to transfer and that the trial court erred by denying Killearn's motion for directed verdict on the basis that Southern failed to establish evidence of fraud. For the following reasons, we reverse.

1. Killearn argues that the trial court erred by denying its post-judgment motion to transfer venue pursuant to OCGA § 9-10-31 (d) when it determined that the amended statute should not be retroactively applied to this case. We agree and reverse.

> The denial of a motion to transfer is reviewed for an abuse of discretion, . . . and we will affirm the trial court's findings on disputed factual questions relating to venue if there is any evidence to support them. But we review de

---

[1] See *Robinson v. Star Gas of Hawkinsville*, 243 Ga. App. 112 (533 SE2d 97) (2000).

[2] (Punctuation omitted.) *Nalley v. Baldwin*, 261 Ga. App. 713 (583 SE2d 544) (2003). See Ga. L. 1999, p. 734, § 2.

[3] (Emphasis supplied.) OCGA § 9-10-31 (d).

novo the trial court's application of the law to undisputed facts.[4]

The claims asserted by Southern arose and Southern filed this case between 1999 and 2005 when the rule of vanishing venue was not in effect. Our Supreme Court previously has held that OCGA § 9-10-31.1 (a), which governs forum non conveniens and was enacted at the same time as OCGA § 9-10-31 (d), applies retroactively. The enacting legislation for both OCGA § 9-10-31 (d) and OCGA § 9-10-31.1 (a) specifically states that they "would apply retroactively unless the application would be unconstitutional."[5] Normally, venue provisions such as OCGA § 9-10-31 (d) are considered procedural, not substantive, in nature and courts generally apply them retroactively.[6]

> Substantive law is that law which creates rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations. It has been held that statutes affecting where an action may be tried are procedural and not substantive in nature.[7]

For example, in criminal proceedings, our Supreme Court has explained that a defendant may be retried in the event the State fails to prove venue, even though venue "is an essential element in proving that one is guilty of the crime charged"[8] because "[v]enue is wholly neutral; it is a question of procedure, more than anything else, and it does not either prove or disprove the guilt of the accused."[9] Similarly here, although retroactive application of OCGA § 9-10-31 (d) will extend the time and resources that the parties expend while litigating the issues at hand, the parties still have the right to a jury trial. Thus, the trial court erred by denying Killearn's post-verdict motion to transfer venue on the basis that the statute violated the substantive rights of the parties and by failing to apply the statute retroactively.

2. Southern contends that OCGA § 9-10-31 (d) is unconstitutional.

"For a constitutional issue to be reviewed by an appellate court,

---

[4] (Citations omitted.) *HD Supply v. Garger*, 299 Ga. App. 751 (683 SE2d 671) (2009).

[5] *EHCA Cartersville v. Turner*, 280 Ga. 333, 337 (3) (626 SE2d 482) (2006). See also Ga. L. 2005, pp. 1, 18, § 15. We do not reach the issue of constitutionality, as explained in Division 2 of this opinion.

[6] See *EHCA Cartersville*, 280 Ga. at 337 (3).

[7] (Punctuation omitted.) Id.

[8] (Punctuation omitted.) *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000).

[9] Id. at 904 (4).

the constitutional objection must be raised in writing at the earliest opportunity before the trial court and then ruled upon by the trial court."[10] The trial court failed to rule on the constitutionality of OCGA § 9-10-31 (d) when Southern raised the issue below, and we are therefore precluded from reviewing the issue.

3. Based on our holding in Division 1, we do not reach Killearn's second enumeration of error.

*Judgment reversed. Ellington, C. J., and Andrews, J., concur.*

DECIDED MARCH 17, 2011.

*Power, Jaugstetter & Futch, Patrick D. Jaugstetter, Lauren A. Thompson*, for appellants.

*Cooper, Jones & Cooper, Lance A. Cooper, Patrick A. Dawson*, for appellee.

---

[10] (Punctuation omitted.) *Brunswick Landing, LLC v. Glynn County*, 301 Ga. App. 288, 295 (4) (b) (687 SE2d 271) (2009). See also *City of Decatur v. DeKalb County*, 284 Ga. 434, 438 (2) (668 SE2d 247) (2008) ("Because . . . the trial court did not specifically or distinctly rule upon the constitutional issue, . . . the constitutional issue is not ripe for review . . .").