**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**September 27, 2012**

# In the Court of Appeals of Georgia

A12A0844. GOWDY v. SCHLEY.                                    DO-037 R

DOYLE, Presiding Judge.

This appeal arises out of a lawsuit filed by Deshanda Schley against Travis Gowdy seeking damages for injuries allegedly caused by a motor vehicle collision in Russell County, Alabama. Gowdy contends that the trial court erred by denying his motion to transfer/dismiss the case based on improper venue or in the alternative denying his motion for forum non-conveniens. For the reasons that follow, we affirm.

According to Schley's complaint, on October 16, 2008, Gowdy forced Schley to run off the road in Phenix City, Alabama, causing her serious injury. Based on a stipulation of the parties, the trial court found that both Gowdy and Schley are

residents of Russell County, Alabama.[1] Schley filed a complaint against Gowdy in Muscogee County Superior Court. After failing to obtain service of Gowdy at his parents' house in Muscogee County, Georgia, a Muscogee County Sheriff's Deputy telephoned Gowdy and requested that he come to Muscogee County to accept service of legal papers. Gowdy agreed and was personally served by the deputy in Muscogee County.

Thereafter, Gowdy answered, asserting improper venue, and timely filed a "Motion to Dismiss/Motion to Transfer Venue or in the Alternative Motion for Forum Non-Conveniens." The trial court denied the motion and issued a certificate of immediate review. This Court granted Gowdy's application for interlocutory appeal to address the question of proper venue when an out-of-state plaintiff files suit in Georgia against an out-of-state defendant based on an out-of-state automobile collision.

To maintain a civil action against a defendant in Georgia, a plaintiff generally must satisfy each of the following: (1) the trial court must have subject matter

---

[1] This case had been previously addressed by this Court in an unpublished opinion which remanded the case for factual findings as to the locus of Gowdy's residence.

jurisdiction[2] over the cause of action; (2) the court must have personal jurisdiction[3] over the defendant, and (3) venue[4] where the action is pending must be proper.[5] Here, the issue is whether venue is proper in Muskogee County Superior Court even though both Gowdy and Schley live in Alabama and the cause of action arose in Alabama.

---

[2] Subject matter jurisdiction "refers to subject matter alone, i.e., conferring jurisdiction in specified kinds of cases. It is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question. Jurisdiction of the subject matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which that particular case belongs." (Citations and punctuation omitted.) *Hopkins v. Hopkins*, 237 Ga. 845, 846 (1) (229 SE2d 751) (1976).

[3] Personal jurisdiction refers to "the power of the court to render a judgment which will be binding upon the persons of the parties, and [it] is obtained by their *appearance* or by use of the *proper process* for the type [of] action." Id. at 847 (1) (emphasis supplied).

[4] Venue is the proper geographical place, i.e., county or district, for the trial to be conducted. See id.

[5] See, e.g., *Miller v. Bryant*, 266 Ga. 584, 584-585 (468 SE2d 762) (1996) (a court without venue lacked authority to issue injunction sought by plaintiff); *Schuehler v. Pait*, 239 Ga. 520, 522 (1) (238 SE2d 65) (1977) ("In order to enter a valid judgment, the court must first have jurisdiction over the subject matter of the suit."); *Weddington v. Kumar*, 149 Ga. App. 857, 858 (256 SE2d 141) (1979) ("An action in a court which has jurisdiction of the subject matter but no jurisdiction of the person of the defendant because of the fact that the defendant is a resident of another county is an action which is . . . voidable.") (punctuation omitted).

In its general venue provision, the Georgia Constitution provides that civil cases generally "shall be tried in the county where the defendant resides."[6] When a defendant resides outside of Georgia, however, venue is determined by other factors. For example, if personal jurisdiction is gained over a non-resident defendant by Georgia's long-arm statute,[7] venue "lie[s] in any county wherein a substantial part of the business was transacted, the tortious act, omission, or injury occurred, or the real property is located."[8] Likewise, under Georgia's Nonresident Motorist Act, if a non-resident is involved in a motor vehicle collision in Georgia, venue is proper where the accident or injury occurred or in the county where a resident plaintiff resides.[9] But neither of these statutes apply to the facts before us.

Where, as here, neither the defendant nor the plaintiff reside in Georgia, and the cause of action arose outside of Georgia, we look to OCGA § 9-10-33 to determine where venue is proper. That Code section states that "A person who is not a citizen of this state, *passing through* or sojourning temporarily in the state, may be

_____

[6] Ga. Const. of 1983, Art. VI, Sec. II, Par. VI.

[7] OCGA § 9-10-91.

[8] OCGA § 9-10-93.

[9] OCGA § 40-12-3.

4

subject to an action in any county thereof in which he may be found at the time when the action is brought."[10] Pretermitting whether Gowdy falls within the definition of temporary sojournor,[11] Gowdy was passing through Georgia after he voluntarily entered the state to accept service. Thus, under OCGA § 9-10-33, venue is proper in Muscogee County, the county where Gowdy was found and served.

We note that the circumstances of this case could appear patently unfair to Gowdy, an Alabama resident required to appear in Georgia to defend a case that arose out of an Alabama car crash with Schley, a fellow Alabama resident. As argued by Gowdy, allowing this case to proceed in Georgia could, by logical extension, allow an Alaskan resident involved in a car crash in Alaska with another Alaskan resident to litigate his case in Georgia, so long as the Alaskan defendant was personally served in Georgia. Gowdy is correct; this could happen. But such facts are far different from this one, where the location of the foreign venue and the local venue are a very short distance apart. Moreover, such a defendant can still seek a dismissal under the forum non conveniens doctrine. As addressed below in Gowdy's second enumeration of

---

[10] (Emphasis supplied.)

[11] "Sojourn" is defined by Black's Law Dictionary to mean a "temporary stay by someone who is not just passing through a place but is also not a permanent resident." Black's Law Dictionary (9th ed. 2009).

5

error, this doctrine requires an additional analysis and accounts for the concerns raised in Gowdy's hypothetical.

2. Gowdy contends that the trial court erred by denying his motion to dismiss for forum non conveniens under OCGA § 9-10-31.1 (a). "The determination of whether to transfer [or dismiss] a case pursuant to OCGA § 9-10-31.1 (a) is a matter within the trial court's discretion, and, absent an abuse of that discretion, the trial court's decision should be affirmed."[12]

OCGA § 9-10-31.1 (a) provides as follows, in relevant part:

In determining whether to grant a motion to dismiss an action . . . under the doctrine of forum non conveniens, the court shall give consideration to the following factors:

(1) Relative ease of access to sources of proof; (2) Availability and cost of compulsory process for attendance of unwilling witnesses; (3) Possibility of viewing of the premises, if viewing would be appropriate to the action; (4) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy; (5) Administrative difficulties for the forum courts; (6) Existence of local

---

[12] *Hawthorn Suites Golf Resorts, LLC v. Feneck*, 282 Ga. 554, 556 (3) (651 SE2d 664) (2007).

interests in deciding the case locally; and (7) The traditional deference given to a plaintiff's choice of forum.

Here, the trial court held a hearing and evaluated Gowdy's claim as to the non conveniens factors. The court issued a written order denying his motion based on the location of the collision, the close proximity of the two venues, the comparative inconveniences to the parties, the location of the witnesses, and the difficulties of compulsory process in either venue.[13] In light of these facts, we discern no abuse of the trial court's discretion.

*Judgment affirmed. Andrews and Boggs, JJ.,* concur.

---

[13] We note that these facts would not be present in Gowdy's hypothetical cause of action arising in Alaska.