**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 20, 2015**

# In the Court of Appeals of Georgia

A15A1376. HAWKINS et al. v. BLAIR et al.

BRANCH, Judge.

Charles Jordan Hawkins and Jacob Nathaniel Hawkins, residents of South Carolina, filed suit in Fulton County against James A. Blair, III, a resident of South Carolina and an attorney with Nexsen Pruet, LLC, which is located in South Carolina, alleging that Blair illegally transferred money from their personal bank accounts at Morgan Stanley in Atlanta to Nexsen Pruet's bank accounts in Greenville, South Carolina, allegedly for legal fees arising out of a previous action. Jordan and Jacob appeal the trial court's dismissal of their complaint on the ground of forum non conveniens. For the reasons shown below, we affirm.

We review the trial court's decision to grant a motion to dismiss on the basis of forum non conveniens for abuse of discretion. *Gowdy v. Schley*, 317 Ga. App. 693,

695 (2) (732 SE2d 774) (2012); *Collier v. Wehemeier*, 313 Ga. App. 421, 422 (721 SE2d 919) (2011). "That said, the discretion of the trial court is not without some limits, and when an appeal properly is taken from the grant or denial of a motion to dismiss under the doctrine of forum non conveniens, the appellant is entitled to meaningful appellate review, even if that review is only for an abuse of discretion." *Wang v. Liu*, 292 Ga. 568, 569-570 (1) (740 SE2d 136) (2013) (footnote omitted). Also, "we will affirm the trial court's findings on disputed factual questions relating to venue if there is any evidence to support them." *Killearn, Inc. v. Southern Structural*, 308 Ga. App. 494, 495 (707 SE2d 882) (2011).

The allegations in the complaint and other parts of the record show that in July 2007, Jordan and Jacob's father, a South Carolina resident, contacted Blair, also a South Carolina resident, to represent his sons in a case alleging mismanagement of a trust intended in part to benefit Jordan and Jacob, who were less than 18 years old at the time. The appellants' father paid Blair $20,000 in legal fees, and in July 2008, Blair, acting pro hac vice, filed suit in Stephens County, Georgia, where the trust had been established and where the trustees lived. (As the trial court noted, Stephens County borders South Carolina.) During the course of the litigation and thereafter, the appellants' father paid Blair over $39,000 in additional fees and expenses associated

2

with the litigation. The case was tried in September and October of 2009, Jordan and Jacob prevailed, and the Stephens County court entered a final judgment awarding them $46,323 in damages and $163,560 in attorney fees and expenses against the defendant trustees. Thereafter, the appellants' father received an invoice from Blair for $166,865.05.

The complaint further alleges that one year later, on October 8, 2010, the trial court ordered that the custodial accounts from the trust, which were located at Morgan Stanley in Atlanta, be distributed to Jordan and Jacob because they had attained eighteen years of age. The court's order stated that the custodial accounts should be distributed "pursuant to written instructions of counsel for the [Appellants], Nexsen Pruet, LLC." Beginning on October 19, 2010, and continuing for eight months, Blair, without notifying his clients or receiving their authorization, directed Morgan Stanley to make six wire transfers totaling between $117,000 and $120,000 from the custodial accounts to a Nexsen Pruet account in Greenville, South Carolina. In September 2012, Jordan and Jacob requested that Blair provide "a simple accounting of exactly when their money was removed from Morgan Stanley and how much was moved." According to the appellants, Blair has not responded satisfactorily.

3

Accordingly, in September 2013, Jordan and Jacob filed suit in Fulton County against Blair and Nexsen Pruet for professional malpractice, conversion, and larceny by a fiduciary, and they demanded punitive damages. They averred that venue was proper in Fulton County because the conduct giving rise to their claims–the wire transfers–occurred at Morgan Stanley in Atlanta. On November 26, 2013, Blair and Nexsen Pruet answered and moved to dismiss based on lack of personal jurisdiction and forum non conveniens. The motion triggered an automatic stay of discovery through February 24, 2014. Nevertheless, Jordan and Jacob served discovery on Blair and Nexsen Pruet in December 2013 and January 2014, prompting the defendants to move for a protective order. In February 2014, Jordan and Jacob filed a motion to allow jurisdictional discovery pursuant OCGA § 9-11-12 (j) (4) and, later, a motion to compel answers to the earlier discovery requests. The defendants then renewed their motion to stay discovery while the motion to dismiss was pending. In August 2014, the trial court entered a final order upholding personal jurisdiction over the defendants but granting the defendants' motion to dismiss on the basis of forum non conveniens. The present appeal ensued.[1]

---

[1] The appellants apparently have refiled their case in Charleston County, South Carolina.

Jordan and Jacob contend that the trial court erred by failing to timely rule on the motion to dismiss; by failing to address their discovery requests prior to ruling on the motion to dismiss; and by granting the motion to dismiss.

1. Because the defendants filed a motion to dismiss with their answer, discovery was stayed for 90 days under OCGA § 9-11-12 (j) (1). That Code section further provides that under those circumstances, "[t]he court shall decide the motion to dismiss within the 90 days provided in this paragraph." Id. Jordan and Jacob appear to contend that the trial court was not authorized to grant the motion to dismiss after that time. We disagree and find no error. See *Charles H. Wesley Ed. Foundation v. State Election Bd.*, 282 Ga. 707, 709 (2) (654 SE2d 127) (2007) ("[L]anguage contained in a statute which, given its ordinary meaning, commands the doing of a thing within a certain time, when not accompanied by any negative words restraining the doing of the thing afterward, will generally be construed as merely directory and not as a limitation of authority, and this is especially so where no injury appeared to have resulted from the fact that the thing was done after the time limited by the plain wording of the Act.") (citations and punctuation omitted). Here, OCGA § 9-11-12 (j) does not provide a remedy or penalty for a trial court's failure to decide such a motion within the stated time, and although Jordan and Jacob claim delay as a harm, they

5

have not shown any specific harm that resulted from the trial court dismissing the action at a later point in time.

2. Jordan and Jacob contend the trial court erred by ruling on the motion to dismiss without allowing them to obtain discovery related to the issue of forum non conveniens. But Jordan and Jacob have not articulated any evidence which they hope such discovery would uncover that would be relevant to that issue. We therefore find no abuse of discretion by the trial court by failing to rule on the appellants' discovery motion. See *Settles Bridge Farm v. Masino*, 318 Ga. App. 576, 581 (4) (734 SE2d 456) (2012) (trial court did not abuse discretion in refusing to lift stay and extend discovery where plaintiff did not make "a good cause showing that there was other evidence necessary for resolution of the motion to dismiss").

3. Jordan and Jacob contend the trial court erred by dismissing their complaint under the doctrine of forum non conveniens. We disagree.

A Georgia court will dismiss an action if "in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state." OCGA § 9-10-31.1 (a). When addressing a motion to dismiss on this ground, a trial court must consider seven factors:

6

(1) Relative ease of access to sources of proof; (2) Availability and cost of compulsory process for attendance of unwilling witnesses; (3) Possibility of viewing of the premises, if viewing would be appropriate to the action; (4) Unnecessary expense or trouble to the defendant not necessary to the appellant's own right to pursue his or her remedy; (5) Administrative difficulties for the forum courts; (6) Existence of local interests in deciding the case locally; and (7) The traditional deference given to a appellant's choice of forum.

Id. The defendants bore the burden of showing that the factors support dismissal. *Collier v. Wehmeier*, 313 Ga. App. 421, 422 (721 SE2d 919) (2011). Although the statute does not require it, the "better practice" is for the trial court to make "specific findings on each of the enumerated statutory factors." *Wang*, 292 Ga. at 570 (1).

In this case, the trial court made findings on each of the seven factors. The trial court found that the first, fourth, fifth and sixth factors weighed in favor of dismissal, with the fifth being the most persuasive, and that only the seventh factor weighed in favor of Jordan and Jacob. The second and third factors did not favor either party. As shown below, there was some support for each of the trial court's findings, and we therefore find no abuse of discretion.

(a) The trial court found that the first factor—relative ease of access to sources of proof—favored dismissal, because every party to the suit was a resident of South

7

Carolina and the Nexsen Pruet law offices were located in South Carolina. The court noted that "aside from the bank and its employees in Atlanta, no other proof would need to be accessed in Fulton County." On appeal, Jordan and Jacob contend this conclusion is factually erroneous because, they argue, the bank and its employees are the most critical nonparty witnesses in the action in that they have knowledge of what Blair told them to gain access to the appellants' money.

But the appellants' case turns more on whether Blair was authorized to obtain the money than on how he did so, and most of those facts turn on the professional relationship between Blair and the Hawkins family; on the financial details of the father's payments to Blair; and on a reckoning of attorney fees incurred and received in connection with the Stephens County lawsuit. All of these facts are located in South Carolina. Jordan and Jacob also contend the trial court overlooked the fact that several witnesses connected with the Stephens County action live in Georgia. But the appellants did not bring any of these potential witnesses to the attention of the trial court before the trial court's decision, nor did it explain what evidence these witnesses possessed. "An argument not raised in the trial court is waived and cannot be raised for the first time on appeal." *Locke's Graphic & Vinyl Signs v. Citicorp Vendor Finance*, 285 Ga. App. 826, 828 (2) (a) (648 SE2d 156) (2007) (footnote

8

omitted). Accordingly, the trial court's finding on the first factor is supported by the information available to the trial court at the time of its decision.

(b) Jordan and Jacob contend the trial court failed to properly consider the second factor—the availability and cost of compulsory process for attendance of unwilling witnesses. They argue that "there is no reason to believe that any Morgan Stanley witness would have any interest in voluntarily traveling to South Carolina to testify," and that they will be unable to obtain documents from the Atlanta bank. But, as the trial court held, the appellants have not shown that there are any unwilling witnesses. Moreover, both South Carolina and Georgia have enacted a version of the Uniform Foreign Depositions and Discovery Act. See OCGA § 24-13-110 et seq. and S. C. Code Ann. § 15-47-100 et seq., which allows discovery as indicated in the title of the Act.

(c) As the trial court held, the third factor is not relevant to this case because it is not necessary to view any premises.

(d) With regard to the fourth factor—unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy—the trial court stated that the "Plaintiffs' right to pursue their remedy [would] not be adversely affected if the case is dismissed from Fulton County." The court again

9

noted that both parties were South Carolina residents and that the alleged injury occurred in South Carolina where the money taken from the accounts was received by Blair's firm. The court also pointed out that Stephens County, Georgia–where the previous litigation took place–borders South Carolina. The court concluded that hearing the case in Fulton County, Georgia, was not necessary to the appellants' rights to pursue their remedy, and that the expenses and trouble that the defendants might incur in coming to Fulton County favored dismissal. We also note, as stated above, that the appellants' case turns more on whether Blair was authorized to take the money than on how he convinced an Atlanta bank to send him the appellants' money. Thus the trial court's conclusion that a South Carolina forum would be less expensive and troublesome and not adverse to the plaintiff's remedy is supported by the record.

(e) The trial court held that the fifth factor—administrative difficulties of the forum court—i.e., the Fulton County court, weighed most heavily in favor of dismissal. The trial court explained that a tort action is governed by the substantive law of the state where the tort was committed, i.e., where the injury occurred or where the last event making the tortfeasor liable occurred. The court concluded that the alleged injury would have been suffered in South Carolina, and that the appellee's

"last acts" to make them liable also would have occurred in South Carolina. Thus, the court concluded that it would need to apply South Carolina tort law, which would be an administrative difficulty for a Georgia Court.

We find no error with this analysis. In Georgia, "a tort action is governed by the substantive law of the state where the tort was committed." *Dowis v. Mud Slingers, Inc.*, 279 Ga. 808, 809 (621 SE2d 413) (2005) (citation omitted). "The place where the tort was committed, or, the locus delicti, is the place where the injury sustained was suffered rather than the place where the act was committed, or, as it is sometimes more generally put, it is the place where the last event necessary to make an actor liable for an alleged tort takes place." *Bullard v. MRA Holding*, 292 Ga. 748, 750-751 (1) (740 SE2d 622) (2013) (citation and punctuation omitted.) Here, the last event that led to the alleged tort occurred when Blair allegedly caused the appellants' money to be deposited into Nexsen Pruet's South Carolina account with no intent to account for the money properly in accordance with the attorney client relationship established between South Carolina residents and a South Carolina attorney.

(f) With regard to the sixth factor—whether there are local interests in deciding the case locally—the court found no local interests favoring venue in Fulton County. The court noted that the previous litigation took place in Stephens County, Georgia,

11

that both parties are residents of South Carolina, and that "[a] South Carolina forum, where all parties reside and where the alleged injuries would have been suffered, would have a stronger interest in deciding this case."

The appellants argue that the fact that Blair appeared pro hac vice in the Stephens County action is a local factor "of utmost concern" in that he submitted himself to the authority of the State Bar of Georgia. But the appellants did not file this suit in Stephens County, which may have had more interest in this action than Fulton County, given that the trust lawsuit was filed there. And we are not persuaded that Blair's pro hac vice status and the related obligations imposed on him override the factors relied on by the trial court. The appellants also argue that Fulton County has an interest in addressing potential criminal conduct carried out in Fulton County. But the present matter is civil, and we have no evidence that any such criminal action has been filed.

(g) The trial court found that only the seventh factor weighed against dismissal. The trial court acknowledged the "importance of deference given to a appellant's choice of forum" but held that in light of the totality of the circumstances, that factor was not enough to warrant venue in Fulton County, Georgia. We agree.

In short, the record shows that "the court specifically addressed and balanced the factors that are part of the forum non conveniens analysis," *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242, 248 (2) (614 SE2d 875) (2005) (citations omitted), overruled on other grounds by *Wang*, 292 Ga. at 570 (1), and the record supports the trial court's factual findings. We therefore find no abuse of discretion by the trial court in dismissing this action for forum non conveniens.[2] See *Gowdy*, 317 Ga. App. at 695-696 (2) (no abuse of discretion where trial court evaluated non conveniens factors and issued a written order denying motion based on those factors).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

---

[2] In a supplemental brief, the appellants argue that they might be able to obtain punitive damages in a Georgia court but that certain case law in South Carolina suggests that such damages may not be available in a South Carolina court. This argument was not raised in the trial court and is therefore waived. See *Locke's Graphic*, 285 Ga. App. at 828 (2) (a).