**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

June 20, 2019

# In the Court of Appeals of Georgia

A19A0296. KOLB et al. v. DARUDA.

RICKMAN, Judge.

Susan Kolb, MD and her professional corporations (hereinafter "Kolb") filed suit alleging claims of tortious interference with contractual and business relations and defamation against Nicole Daruda, a Canadian citizen and resident of British Columbia. Ultimately, the trial court granted Daruda's motion to dismiss for lack of personal jurisdiction. Kolb appeals, contending that the trial court erred by dismissing the action without allowing Kolb to take limited discovery related to the issue of the court's jurisdiction over Daruda. For the reasons that follow, we vacate the trial court's order and remand for further proceedings.

Our review of a decision on a motion to dismiss is de novo, and we construe the facts in favor of the party asserting personal jurisdiction. *Pascarelli v. Koehler*, 346 Ga. App. 591, 598 (2) (816 SE2d 723) (2018).

So construed, the record shows that Kolb filed suit on April 12, 2017. Regarding jurisdiction, Kolb alleged that "Daruda transacts business in Georgia, has engaged in a persistent course of conduct in Georgia, and has committed tortious acts in Georgia." On the merits, Kolb alleged that through the use of a website and a Facebook forum that Daruda owned, controlled and administered, Daruda published false, malicious and harmful comments about Kolb designed to injure her renowned Georgia-based, medical practice of plastic surgery and breast implant illness surgery. Kolb alleged that such actions constituted tortious interference with her business and contractual relations and defamation, thereby causing irreparable harm, injury, and damage to her.

After entering a special appearance and without waiving or consenting to jurisdiction of the court, Daruda filed an answer and defenses, including the defense

of lack of personal jurisdiction, and she also moved to dismiss the complaint on that ground.[1]

Kolb then noticed Daruda's deposition and requested that Daruda produce documents, including documents that might show various contacts between Daruda and Georgia.[2] In an amended notice of deposition, Kolb set Daruda's deposition for late July 2017 in Vancouver, British Columbia. And Kolb asked for additional documents related to jurisdiction.[3]

---

[1] In her supporting affidavit, she averred, among other things, that she is a Canadian citizen residing in British Columbia; that she does not receive remuneration from the website or the Facebook forum; that the servers used to operate the website are not located in Georgia; that she has never been to Georgia; and that she does not do any business, render any services, or receive any remuneration from Georgia.

[2] Among the requests, Kolb sought "the names, addresses and phone numbers of all residents of Georgia who have visited the Website"; "any and all documents which reflect the members or participants in the Facebook Forum who are residents of Georgia"; "any and all emails and other communications with a Georgia resident over the past two (2) years"; "any and all documents evidencing any money you have received from the GoFundMe account . . . and all emails or other communications you have had with [the] moderator over the past two (2) years"; and "any and all documents reflecting any business you have conducted with businesses located in Georgia over the past five (5) years."

[3] Specifically, Kolb requested Facebook activity logs for certain Facebook pages, limiting production "to only those logs that relate to Dr. Kolb, Georgia, or any Georgia resident from 4/12/16 to present."

Daruda responded with an emergency motion for a protective order "to relieve [her] from having to appear" for her deposition or produce documents in response to Kolb's notice of deposition and discovery requests. Daruda argued that she had no contact with Georgia whatsoever, that an eight-hour round trip from her home to Vancouver for the deposition was unreasonable, and that the document requests exceeded the scope of discovery. Among other things, Daruda asked that if discovery were allowed, the court limit it to written discovery requests.

Kolb responded to the motion to dismiss, asserting that the court had jurisdiction over Daruda under the Georgia Long Arm Statute and that Daruda "regularly referred Georgia residents to Georgia breast explant surgeons and provided medical advice to Georgia residents on her websites." Kolb asked that the court allow her to take Daruda's deposition and conduct discovery under OCGA § 9-11-12 (j) (4),[4] "which efforts have been thwarted to date." Kolb also asked the court to refrain from ruling on Daruda's motion to dismiss until she could "depose Daruda to address the allegations raised in her affidavit and otherwise discover her relationship with the

---

[4] That Code section provides: "If a motion to dismiss raises defenses set forth in paragraph (2) [(lack of personal jurisdiction)], (3), (5), or (7) of subsection (b) of this Code section . . . , limited discovery needed to respond to such defenses or identify such persons shall be permitted until the court rules on such motion." OCGA § 9-11-12 (j) (4).

state of Georgia."[5] Separately, Kolb responded to Daruda's emergency motion for a protective order and asked that the court "order[ Daruda] to sit for her deposition within fourteen days of the date of the Court's order."

After five months passed with no activity in the case, Kolb served a second set of discovery requests on Daruda. Two weeks later, the parties filed a consent motion requesting that the court "stay discovery in this action until such time as *Defendant's Motion to Dismiss* is adjudicated by this Court" and for an extension of the original six-month discovery period under Uniform Superior Court Rule 5.1. (Emphasis in original.) The joint motion also stated that "[a]s the [motion to dismiss] remains pending, the parties have agreed to abstain from discovery until such time as the [motion to dismiss] is adjudicated by the Court." The trial court signed an order granting the consent motion; the order restated the parties' agreement to abstain from discovery until the motion to dismiss was resolved. Daruda did not withdraw her motion for a protective order in response.

---

[5] In support, Kolb's attorney proffered documents allegedly showing that Daruda "provid[ed] recommendations and medical advice to individuals identifying themselves as living in Georgia, or who have seen or will see Dr. Kolb"; the attorney averred that "expedited discovery is needed in order to obtain [further] information and further support [Kolb's] response to the Motion to Dismiss."

Then, without addressing Daruda's motion for a protective order or Kolb's requests for court intervention in the dispute over jurisdictional discovery, the trial court granted Daruda's motion to dismiss. In its order and "[a]fter considering the evidence presented," the trial court ultimately held that it was "undisputed that [Daruda] committed no acts within the State of Georgia even if injury may have occurred here." The court further found no other link between Daruda and Georgia sufficient to establish personal jurisdiction. In a footnote at the end of the order, the court added,

> This Court recognizes that [Kolb] asked for jurisdictional discovery. This Court finds that, pursuant to *Hawkins v. Blair*, [334 Ga. App. 898, 901 (2015),] [Kolb] has not *articulated specific evidence which she hopes that jurisdictional discovery would uncover that would be relevant to the issue*, and as such, jurisdictional discovery is not required.

(Emphasis supplied.).

1. Daruda has moved to dismiss the appeal on the ground that Kolb gave up any claim that she was entitled to the limited jurisdictional discovery provided by OCGA § 9-11-12 (j) by consenting to a stay of discovery pending resolution of Daruda's motion to dismiss.

6

This argument was not raised and ruled on in the trial court. And "[i]ssues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken." *Crippen v. Outback Steakhouse International*, 321 Ga. App. 167, 170 (1) (741 SE2d 280) (2013); see also *Stinchcomb v. Wright*, 278 Ga. App. 136, 139 (2) (a) (628 SE2d 211) (2006) (question of whether contract was fair and equitable was not raised below and need not be considered on appeal). Accordingly, Daruda's motion to dismiss is hereby denied.

2. In two enumerations of error, Kolb contends that the trial court erred procedurally by failing to permit limited jurisdictional discovery under OCGA § 9-11-12 (j) (4) and by granting Daruda's motion to dismiss without allowing that same discovery. We agree.

Decisions on discovery issues are reviewed for abuse of discretion but questions of law are reviewed de novo. *Dempsey v. Kaminski Jewelry*, 278 Ga. App. 814, 815 (2) (a) (630 SE2d 77) (2006) (re: discovery); *In re Estate of Crawford*, 348 Ga. App. 453, 453 (823 SE2d 554) (2019) (re: questions of law). We find that the trial court erred as a matter of law by conditioning discovery under OCGA § 9-11-12 (j)

(4) on Kolb's ability to "articulate[ ] specific evidence which she hopes that jurisdictional discovery would uncover" relevant to the issue of personal jurisdiction.

The plain language of OCGA § 9-11-12 (j), which was adopted in 2009,[6] provides that when a defendant files a motion to dismiss for lack of personal jurisdiction before or at the time of his or her answer, (1) "discovery shall be stayed for 90 days after the filing of such motion or until the ruling of the court on such motion, whichever is sooner"; (2) [t]he court shall decide the motion to dismiss within the 90 days"[7]; (3) the court may terminate or modify the stay "but shall not extend such stay"; and (4) "limited discovery needed to respond . . . shall be permitted until the court rules on such motion."

Given that the Code section provides that the limited discovery "shall be permitted," a plaintiff responding to a motion to dismiss asserting lack of personal jurisdiction is entitled to limited discovery on the jurisdictional issue without seeking permission from the court. See *State v. Collier*, 279 Ga. 316, 317 (612 SE2d 281)

---

[6] See Ga. L. 2009, p. 73, § 4

[7] Because OCGA § 9-11-12 (j) "does not provide for any sanction or negative consequence for a failure of the trial court to rule within [the 90-day] time period, the limitation is to be read as merely directory," and a trial court may rule on the motion to dismiss after that time period. *Headrick v. Stonepark of Dunwoody Unit Owners Assoc.*, 331 Ga. App. 772, 777 (2) (771 SE2d 382) (2015).

(2005) ("The word shall is generally construed as a word of command.") (citation and punctuation omitted). Cf. *Buchan v. Duke*, 153 Ga. App. 310, 311 (2) (265 SE2d 308) (1980) (decided before OCGA § 9-11-12 (j) was enacted: plaintiff entitled to discovery regarding defense of improper venue before court ruled on motion to dismiss for improper venue). Of course, if a dispute arises, the court retains discretion to determine the scope of the "limited discovery needed to respond to such defenses." OCGA § 9-11-12 (j) (4).

Second, nothing in the statute requires the plaintiff to "articulate specific evidence" to be uncovered by the limited discovery in order to proceed with the jurisdictional discovery, as the trial court held. And the aspect of *Hawkins v. Blair* upon which the trial court relied for this proposition is not applicable to OCGA § 9-11-12 (j) (4). In that case, this Court held that the trial court had not erred by ruling on a motion to dismiss without allowing discovery related to the issue of forum non conveniens. *Hawkins*, 334 Ga. App. at 901 (2). But forum non conveniens is not a defense covered by OCGA § 9-11-12. See *Wegman v. Wegman*, 338 Ga. App. 648, 654 (2) (791 SE2d 431) (2016). Moreover, OCGA § 9-11-12 (j) (4) expressly allows limited discovery pertaining to four specific defenses: lack of jurisdiction over the

9

person, improper venue, insufficiency of service of process, and failure to join a party under Code Section 9-11-19; forum non conveniens is not included.

The argument that Kolb was required to have pressed Daruda further to agree to a deposition and or respond to discovery, or moved to compel, is without merit. Daruda had already refused to comply with Kolb's discovery requests, Daruda's motion for a protective order was pending, and, in her response to Daruda's motions to dismiss and for a protective order, Kolb had asked the court to permit the jurisdictional discovery and "order[ Daruda] to sit for her deposition." Although Kolb could have filed a separate motion to compel, under the Civil Practice Act, "[n]o technical forms of pleading or motions are required." OCGA § 9-11-8 (e) (1). See, e.g., *Williams v. State*, 339 Ga. App. 158, 162 (1) (793 SE2d 485) (2016) (Although the defendant "filed no motion with a caption that included the words 'set aside,'" in his motion he had "explicitly requested the superior court to set aside and re-enter that order."); *9766, LLC v. Dwarf House*, 331 Ga. App. 287, 289 (1) (771 SE2d 1) (2015) (civil action properly commenced even though it was not initiated with the filing of a complaint, but rather by the filing of an application for an interlocutory injunction and/or TRO); *Fellows v. All Star, Inc.*, 272 Ga. App. 262, 264 (1) (612 SE2d 86) (2005) ("Even though termed a motion in limine, Fellows and Awtrey's motion

10

plainly sought a ruling from the trial court on whether the noncompete agreements could be enforced."). Here, Kolb had sought a ruling from the trial court to require jurisdictional discovery, she therefore was not required to take additional steps to preserve her right to that discovery.

In sum, the trial court erred as a matter of law by placing an unwarranted prerequisite on Kolb's request for limited discovery related to Daruda's defense of lack of personal jurisdiction and by ruling on Daruda's motion to dismiss without allowing Kolb to conduct appropriate limited discovery.

*Judgment vacated and case remanded. Miller, P. J., and Reese, J., concur.*