**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

May 20, 2026

# In the Court of Appeals of Georgia

A26A0367. HOPSON v. CAPITAL ONE AUTO FINANCE, DIVISION OF CAPITAL ONE, N.A.

GOBEIL, Judge.

In June 2025, Taffether Hopson, proceeding pro se, filed suit against Capital One Auto Finance, a division of Capital One, N. A. ("Capital One"), alleging claims for breach of contract, unjust enrichment, securities fraud, and declaratory judgment. Capital One moved to dismiss the complaint. The trial court granted the motion and dismissed Hopson's suit with prejudice. In the instant appeal, Hopson, still proceeding pro se, alleges in part that the trial court erred in dismissing her complaint

and failing to liberally construe her pro se pleadings as required under Georgia law. For the reasons that follow, we now affirm.[1]

> On appeal, we review the trial court's grant of a motion to dismiss de novo. A motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

*Mayorga v. Benton*, 364 Ga. App. 665, 666 (875 SE2d 908) (2022).

---

[1] Hopson's "Notice of Non-Filing [of Capital One's appellee's brief] and Motion to Submit for Decision on Appellant's Brief" is DENIED AS MOOT. The appeal was docketed on September 9, 2025, Hopson filed her initial brief on September 22, 2025, and Capital One filed a timely appellee's brief on Monday, October 20, 2025. See Court of Appeals Rule 23(b) ("To be considered, appellee's brief should be filed within 40 days after the appeal is docketed or 20 days after the appellant's brief is filed, whichever is later."); Court of Appeals Rule 3 ("When a filing deadline falls on a Saturday, Sunday, an official state or national holiday, … the deadline is extended to the next business day.).

So viewed, in June 2022, Hopson entered into a retail installment sales contract for the purchase of a 2017 Toyota Rav 4 for $32,975.46. The transaction was financed and the loan was assigned to Capital One. Under the terms of the contract, Hopson was required to make monthly payments to Capital One. Hopson later attempted to rescind the loan by sending a "Bill of Exchange" to Capital One in March 2025, claiming to "revoke" Capital One's security interest and "invoke" Capital One to pay the entire financial obligation of the contract. Hopson also directed Capital One to "[r]eturn all prior payments on the debt note made on behalf of [Hopson], as this was an oversight, no longer shall [Hopson] continue to participate in such activities being deemed as an enemy of the state." Capital One continued to request monthly payments.

Thereafter, on April 21, 2025, Hopson sent an "Opportunity to Cure" letter instructing Capital One "to apply principals' balance to principals' account ... to offset the entirety of the debt obligation." According to Hopson, Capital One did not respond. Hopson then sent a third letter directing Capital One to "apply the tender of payment to the account." Hopson also warned that if she did not get a response within 14 business days, she intended to file suit. Capital One did not process or

accept Hopson's Bill of Exchange and continued to request payment, and Hopson continued making payments.

In June 2025, Hopson, proceeding pro se, filed suit against Capital One, alleging claims for breach of contract, unjust enrichment, securities fraud, and declaratory judgment. Capital One moved to dismiss the complaint under OCGA § 9-11-12(b)(6) for failure to state a claim. The trial court granted the motion and dismissed Hopson's suit with prejudice. Thereafter, Hopson filed motions seeking a stay and for supersedeas, which the trial court also denied. The instant appeal followed.

1. Hopson alleges that the trial court erred in dismissing her claims despite her tendering "a lawful Bill of Exchange as tender of payment." In her complaint, Hopson alleged that Capital One breached the terms of the contract by "[f]ailing to accept lawful tender," failing to acknowledge the "discharge or offset of debt," and continuing to demand payments from Hopson. Her contention is without merit.

A "bill of exchange" is not a legal document or legal tender. See, e.g., *Hesed-El v. Aldridge Pite, LLP*, 2021 WL 5504969, at *3(I)(C)(4) (11th Cir., Nov. 24, 2021) (unpublished) (holding that a bill of exchange "quite plainly is not real money"). Although it appears that we have not directly addressed this issue, *Thomas v. Servbank*

4

provides a helpful example. 2023 WL 9226936 (S. D. Ala. Dec. 7, 2023) (unpublished). In that case, the plaintiff sent several letters asking the Chief Financial Officer ("CFO") of a bank to "apply the principal's balance ... to the principal's account# for set off," and then sent two letters of "Default Judgment" to the bank when the CFO did not apply the "balance ... for set off" as the plaintiff instructed. Id. at *1-2(I). In granting the bank's motion to dismiss, the district court concluded the plaintiff's "complaint [was] devoid of facts plausibly suggesting any entitlement to relief." Id. at *4(III). Specifically, the court noted that the plaintiff's claims were rooted in frivolous sovereign citizen theories, and the "bills of exchange" that the plaintiff issued as an attempt to pay his debt were not valid payment, "but rather a worthless piece of paper." Id. at *8(III)(C). See also *Harp v. Police & Fire Fed. Credit Union*, 2023 WL 5152625, at *3(III)(A) (E. D. Pa. Aug. 10, 2023) (unpublished) (dismissing with prejudice breach-of-contract claim where it was clear from the complaint's exhibits that plaintiff's "bill of exchange" was not valid legal tender for payment of credit card debt, and "rather than a legally enforceable document noting an existing debt that [defendant] owed to her, [plaintiff] simply handwrote an array of

financial buzzwords on her credit card statement and tried to pass this off to [defendant] as valid legal tender for her credit card debt" (citation modified)).

In short, Hopson has not identified any specific contractual provision that was breached and to the extent that she argues that repeatedly sending instructions "to apply principals' balance to principals' account ... to offset the entirety of the debt obligation" amounted to legitimate performance under the contract, her assertion is completely devoid of merit. The trial court therefore properly dismissed Hopson's claim for breach of contract for failure to state a claim.

2. In a related claim of error, Hopson asserts that the trial court erred in dismissing her unjust enrichment claim despite allegations that Capital One "retained benefits without lawful basis." In her complaint, Hopson alleged that Capital One was unjustly enriched because it continued to demand and retain loan payments from Hopson even after her lawful tender of payment. As previously discussed in Division 1, Hopson's "bill of exchange" and letters to Capital One did not constitute legal documents or legal tender. Second, "[a]n unjust enrichment theory does not lie where there is an express contract." *Cox v. Athens Regional Med. Ctr.*, 279 Ga. App. 586, 593(3) (631 SE2d 792) (2006). In her complaint, Hopson specifically alleged that she

"entered into a valid and binding contract for the financing of a motor vehicle." Because a valid contract existed between Hopson and Capital One, the trial court did not err in dismissing Hopson's unjust enrichment claim. See id. (affirming dismissal of unjust enrichment claim because of the existence of a valid contract between the parties).

3. Hopson next contends that the trial court erred in dismissing her securities fraud claim under OCGA § 10-5-51 because Capital One "omitted material facts regarding ownership and lienholder status." Again, we find no error.

In the first instance, OCGA § 10-5-51 covers "[f]raudulent acts by investment advisers." Specifically, the statute prohibits "a person that advises others for compensation, either directly or indirectly, or through publications or writings, as to the value of securities or the advisability of investing in, purchasing, or selling securities or that, for compensation and as part of a regular business, issues or promulgates analyses or reports relating to securities" from engaging in fraudulent conduct. OCGA § 10-5-51(a). The complaint alleges no facts showing that Capital One qualifies as an investment adviser. In fact, OCGA § 10-5-2(17)(F) specifically excludes banks from the definition of an investment advisor.

In any event, Hopson has failed to point to any valid legal authority to support her claim that a lender must disclose securitization or that securitization is unlawful. See *Milner v. New Am. Funding LLC*, 2024 WL 1957342, at \*3(II)(B)(2) (N. D. Ga. Apr. 1, 2024) (unpublished) ("numerous courts over the last several years have squarely rejected the patently frivolous notion that 'securitization' or nondisclosure of securitization constitutes any material credit term or gives the borrower any recourse to avoid paying their mortgage"). And even accepting as true Hopson's allegation that the loan was securitized, Hopson has failed to show how any such securitization would have any impact on her rights and obligations under the contract. The trial court thus did not err in dismissing Hopson's claim for securities fraud.

4. Hopson alleges that the trial court erred in ignoring her "redressed contract" and allowing Capital One to enforce the terms of the original sales contract. Although difficult to follow, the "redressed contract" that Hopson appears to reference is the original contract that she attached to the Bill of Exchange and sent to Capital One in March 2025, on which she handwrote "I Revoke" on several pages and marked with a stamp that reads "[f]or presentation to the United States Treasury, for conversion to book-entry securities[.]" In the bottom right corner of some of the pages, there is

another stamp that reads "CANCELED." According to Hopson, she modified or rescinded the original contract via this "redressed contract." However, "[i]t is elemental that it is not possible to have a unilateral modification of a contract previously entered into between the parties." *Am. Express Travel Related Servs. Co. v. Berlye*, 202 Ga. App. 358, 361(2) (414 SE2d 499) (1991). As a result, this claim is without merit.

5. Hopson broadly asserts that "the trial court erred in failing to liberally construe [her] pro se pleadings," thereby denying her "the protections owed to self-represented litigants." However, as previously discussed in Divisions 1 through 4, the trial court properly dismissed Hopson's complaint for failure to state a claim for relief, and even liberally construing the pleadings, Hopson's claims were without merit and dismissal of her complaint was warranted.

6. Finally, Hopson argues that the trial court erred in dismissing her claims without allowing discovery, which foreclosed her ability to present evidence in support of her substantive claims and deprived her of due process. OCGA § 9-11-12(j)(1) provides that: "If a party files a motion to dismiss before filing an answer and pursuant to the provisions of this Code section, discovery shall be stayed until the

ruling of the court on such motion[.]" Capital One filed a motion to dismiss on July 28, 2025, which automatically stayed discovery. The trial court dismissed Hopson's complaint on August 22, 2025. See OCGA § 9-11-12(j)(1) ("The court shall decide the motion to dismiss within 90 days following the conclusion of briefing on such motion."). As a result, the trial court did not err by staying discovery upon the filing of the motion to dismiss. In any event, Hopson has "not articulated any evidence which [she] hope[s] such discovery would uncover that would be relevant to" the issues here. *Hawkins v. Blair*, 334 Ga. App. 898, 901(2) (780 SE2d 515) (2015). As a result, this claim also fails.[2]

---

[2] Hopson mentions her declaratory judgment claim and OCGA § 9-4-2 in her initial brief in the same section as her arguments about the "redressed contract," but she does not include this as a separate claim of error. See *McCarney v. PA Lex Glen, LLC*, 336 Ga. App. 271, 274(3) (784 SE2d 438) (2016) ("An appealing party may not use [her] brief to expand [her] enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumeration of the errors.") ( punctuation omitted). In any event, as explained above, Hopson has failed to show that any of her claims state "a cognizable basis for relief."

Accordingly, we affirm the trial court's dismissal of Hopson's complaint.[3]

*Judgment affirmed. Dillard, P. J., and Pipkin, J., concur.*

---

[3] As Capital One highlights, Hopson's briefs are replete with inaccurate citations — which due to their nature appear to be fabricated by artificial intelligence. Capital One asserts that use of these citations constitutes an abandonment of Hopson's claims. In this instance, we do not find that Hopson abandoned her claims. However, we take this opportunity to remind Hopson that all litigants — even pro se ones — are responsible for verifying what they file before this Court. Her failure to do so has caused Capital One and this Court to expend unnecessary efforts to discern her claims. See *Mattox v. Prod. Innovations Research, LLC*, 807 FSupp3d 1341, 1354 (V) (E. D. Okla. 2025) ("Before this Court, artificial intelligence is optional. Actual intelligence is mandatory."). Hopson is cautioned that further use of fictitious legal citations may result in sanctions. See Court of Appeals Rule 7(e)(2) ("The panel of the Court ruling on a case, with or without motion, may by majority vote to impose a penalty not to exceed $10,000 against any party and/or a party's counsel in any civil case in which there is a direct appeal … that is determined to be frivolous."); see also Court of Appeals Rule 7(a) (inherent power of Court).