A11A1888. COLLIER et al. v. WEHMEIER et al.
(721 SE2d 919)

MCFADDEN, Judge.

Maycel Collier and Cary Collier appeal the dismissal of their declaratory judgment action against Rosemary Wehmeier and six other defendants. They argue that the trial court abused its discretion in applying the seven-factor forum non conveniens test. Because we find that the trial court did not abuse its discretion and considered all seven factors as it was required to do, we affirm.

When Bruce Collier died in Florida, Maycel Collier and her daughter, Cary Collier, Florida residents, filed a petition for the administration of his estate in the Circuit Court for Marion County, Florida. They contended that Maycel Collier was Bruce Collier's surviving spouse and that Cary Collier was his daughter. Maycel Collier sought appointment as the personal representative of the

estate. Potential beneficiaries of Bruce Collier objected to the grant of letters of administration to Maycel Collier on the ground that she was not Bruce Collier's surviving spouse. The resolution of the issue is pending in the Marion County, Florida court.

Maycel Collier and Cary Collier filed this action in Fulton County Superior Court, seeking a declaration that Maycel Collier was married by common law to Bruce Collier at the time of his death and that Cary Collier is Bruce and Maycel Collier's legitimate daughter. They named seven defendants, five of whom are Florida residents and two of whom live in the metropolitan Atlanta area.

Three of the defendants moved to dismiss the Fulton County action under the doctrine of forum non conveniens. The trial court granted the motion, and the appellants filed this appeal.

OCGA § 9-10-31.1 (a) provides that a court may decline to hear a case if it "finds that in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state[.]" The statute lists seven factors that the trial court must consider in making the decision. The seven factors are:

(1) Relative ease of access to sources of proof;

(2) Availability and cost of compulsory process for attendance of unwilling witnesses;

(3) Possibility of viewing of the premises, if viewing would be appropriate to the action;

(4) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy;

(5) Administrative difficulties for the forum courts;

(6) Existence of local interests in deciding the case locally; and

(7) The traditional deference given to a plaintiff's choice of forum.

OCGA § 9-10-31.1 (a). The movant has the burden of showing that the OCGA § 9-10-31.1 (a) factors support dismissal. See *R. J. Taylor Mem. Hosp. v. Beck*, 280 Ga. 660, 662 (3) (631 SE2d 684) (2006). We review a trial court's decision under the statute for an abuse of discretion. *The John Hardy Group v. Cayo Largo Hotel Assocs.*, 286 Ga. App. 588, 590 (2) (649 SE2d 826) (2007).

1. The appellants argue that the only evidence before the court was the allegations in their verified complaint. Therefore, they claim, the trial court abused its discretion and arbitrarily disregarded the only evidence before it in order to rule in favor of the defendants.

But, as the defendants counter, the facts necessary for the resolution of the issue are undisputed, and the trial court therefore had a sufficient basis to consider the issue. See *Hawthorn Suites &c. v. Feneck*, 282 Ga. 554, 555 (1) (651 SE2d 664) (2007).

2. The appellants argue that the superior court erred in its application of the seven factors. Considering the first and second factors together, the relative ease of access to sources of proof and the availability and cost of compulsory process for attendance of unwilling witnesses, the court found that all the parties, but for two defendants, reside in the state of Florida. (Although the court wrote that all but two of the parties reside in Georgia, it is clear from the context that the court meant to write Florida. The appellants do not contend otherwise.) This fact, the court found, weighed in favor of litigating the matter in Florida.

The appellants argue that at least two nonparty witnesses — neighbors of Bruce and Maycel Collier — reside in Georgia, and it would be more convenient for them to present their testimony in Georgia. These witnesses, they assert, are beyond the subpoena power of the Florida court, and the appellants will be deprived of their testimony if they are forced to litigate the issue in Florida. They do not describe the nature of the testimony, other than that the witnesses will testify that they believed Bruce Collier and Maycel Collier were married. Additionally, the appellants argue that they plan to present medical records from South Fulton Medical Center, which may require representatives of the hospital to provide testimony. The appellants do not describe what these records are.

As for the third factor, it is not necessary to view any premises. The parties concede, and the trial court found, that this factor is neutral.

Considering the fourth factor, the unnecessary expense or trouble to the defendants not necessary to the plaintiff's own right to pursue his or her remedy, the court ruled that due to the location of most parties and the pending related probate matter in Florida, this factor weighs in favor of dismissal.

The trial court found that factor five, the administrative difficulties for the forum court, weighed in favor of dismissal because of the related matter pending in Florida that would likely result in scheduling and other conflicts. The appellants contend that this factor is neutral.

The trial court also weighed the sixth factor, the local interest in deciding the case locally, in favor of the defendants. It observed that at the time of Bruce Collier's death, neither he nor Maycel Collier owned property or resided in Georgia. Further, the very issue is pending in the Florida probate matter. The appellants argue that this factor weighs in their favor because the issue involves the

application of Georgia law. But the entire issue arose in the context of the administration of a Florida resident's Florida estate involving potential claimants who primarily are residents of Florida.

Finally, the court held that the traditional deference to the plaintiff's choice of forum weighed in favor of the appellants. The appellants argue that the trial court should have given great weight to this factor, and in the absence of a clear showing of inconvenience to the defendants, this factor trumps the other factors. OCGA § 9-10-31.1 (a) requires the trial court to "give consideration" to this factor as well as the others, and the court's order indicated that it did so.

The trial court made written findings of fact, supported by evidence, reflecting an analysis of the procedural framework of the statute, specifically considering and weighing each of the seven factors of OCGA § 9-10-31.1 (a). See *Fed. Ins. Co. v. Chicago Ins. Co.*, 281 Ga. App. 152, 153 (635 SE2d 411) (2006). We therefore can discern no abuse of discretion and affirm the trial court's decision to dismiss the action on forum non conveniens grounds.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 21, 2011.

*Jerry A. Landers, Jr.*, for appellants.
*Stephen B. Davis, Fred L. Cavalli, Robert E. Turner*, for appellees.