**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 2, 2017**

# In the Court of Appeals of Georgia

A17A0306. WOODARD EVENTS, LLC v. COFFEE HOUSE
     INDUSTRIES, LLC.

BETHEL, Judge.

Woodard Events, LLC, f/k/a Scaling New Heights, LLC, ("Woodard Events")
appeals from the dismissal of its action based on the application of the doctrine of
forum non conveniens. Woodard Events argues that the trial court abused its
discretion in granting the dismissal because it misapplied the test for forum non
conveniens set forth in OCGA § 9-10-31.1 (a), accepted representations of counsel
as evidence, and ignored precedents permitting parties to litigate claims in more than
one state. We affirm because the trial court made written findings of fact, supported
by the evidence, reflecting an analysis of the procedural framework of the statute,

specifically considering and weighing each of the seven factors in OCGA § 9-10-31.1 (a).

The record shows that Woodard Events (a Georgia limited liability company) had Coffee House Industries, LLC, (a California limited liability company) perform several projects for it on an ad hoc basis. Over the course of several months, the parties negotiated a contract under which Coffee House would provide several different types of services. Coffee House's primary project was to prepare for and conduct a business conference in New Orleans, as well as a similar conference scheduled to occur in the Bahamas sometime later. Coffee House continued performing work for Woodard Events and/or Joseph Woodard personally during the contract negotiations. At some point, a dispute arose between the parties that resulted in Coffee House filing suit in California against Joseph Woodard individually. Woodard Events then filed suit against Coffee House in Georgia, seeking damages for breach of contract, fraud, punitive damages, unjust enrichment, and attorney fees. Coffee House moved to dismiss the complaint on several grounds, including that the trial court should decline to adjudicate the case under OCGA § 9-10-31.1.

Following a hearing and after considering the factors set forth in OCGA § 9-10-31.1 (a), the trial court granted Coffee House's motion. In particular, the trial court

found the following factors favored dismissal: (1) availability and cost of compulsory process for attendance of unwilling witnesses; (2) unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy; (3) administrative difficulties for the forum courts. The trial court also found that the relative ease and access to sources of proof and possibility of viewing the premises did not favor either party. Finally, the trial court ruled that local interests and traditional deference given to a plaintiff's choice of forum favored Woodard Events.

We turn first to the grant of Coffee House's motion to dismiss under the doctrine of forum non conveniens. A Georgia court will dismiss an action if "in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state." OCGA § 9-10-31.1 (a). When a trial court considers whether to grant such a motion, it must give consideration to the factors that appear in OCGA § 9-10-31.1(a):

> (1) Relative ease of access to sources of proof; (2) Availability and cost of compulsory process for attendance of unwilling witnesses; (3) Possibility of viewing of the premises; (4) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy; (5) Administrative difficulties for the forum courts; (6) Existence of local interests in deciding the case locally; and (7) The traditional deference given to a plaintiff's choice of forum.

3

OCGA § 9-10-31.1 (a). "The application of the statutory standard to the peculiar circumstances of a particular case is a matter committed to the sound discretion of the trial court[,]" and we review the trial court's decision for abuse of discretion. *Wang v. Liu*, 292 Ga. 568, 569 (1) (740 SE2d 136) (2013) (citation omitted). The trial court must "set out upon the record the essential reasoning that forms the basis for its exercise of discretion" in deciding whether to grant a motion to dismiss for forum non conveniens. *Id.* at 570 (1).

(a) Woodard Events argues that in considering ease of access to sources of proof, as well as the possibility of viewing the premises, the trial court overlooked the fact that some of the witnesses are located in Georgia, as are the computer systems, equipment, and software. Woodard Events further argues that the trial court failed to adequately consider that some of the work on the marketing materials was performed in Georgia, as well. In its order, the trial court recognized Woodard Events' contention that "many of the physical machines that were worked on are in Georgia" and that the witnesses to the work performed and the misrepresentations live in Georgia. However, the trial court indicated that Woodard Events did not argue that the machines would be necessary evidence, did not address how many potential witnesses would be called, and did not show that viewing the premises would be

4

necessary to the maintenance or defense of the action. The trial court concluded that these factors did not favor either party. On appeal, Woodard Events argues that "logic dictates" that the equipment, computer systems, and software would need to be examined during discovery. And Woodard Events argued at the hearing on Coffee House's motion that computers on which work was done pursuant to the contract were located in Georgia. But apart from its bald assertion, Woodard Events did not argue why examination of the computer systems, equipment, and software would be necessary in this breach of contract case, which appears to be a straightforward matter of contract interpretation. Nor did Woodard Events point to any evidence regarding the number of witnesses expected to be called for either side. Under these circumstances, we cannot say the trial court abused its discretion in finding this factor did not favor either party.

(b) Woodard Events next argues that the trial court erred in its analysis regarding the availability and cost of compulsory process for unwilling witnesses, and that the evidence established that there were more witnesses located in Georgia than in California. But, as the trial court held, Woodard Events has not shown that there are any *unwilling* witnesses. In contrast, depositions of Coffee House would potentially need to be subpoenaed or negotiated because the witnesses are located

5

outside of Georgia. The trial court did not err in finding that this factor favored dismissal. *See Hawkins v. Blair*, 334 Ga. App. 898, 902-03 (3) (b) (780 SE2d 515) (2015).

(c) With regard to the fourth factor—unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy—the trial court found that Coffee House had already filed suit against Joseph Woodard in California and intended to add the corporate entity, Woodard Events, as a party to the action. Woodard Events argues that the trial court should not have considered the representation of counsel because it did not qualify as evidence. However, Woodard Events failed to object to this effect at the hearing. "An argument not raised in the trial court is waived and cannot be raised for the first time on appeal." *Hawkins*, 334 Ga. App. at 902 (a) (citation omitted). Accordingly, the trial court's finding on the fourth factor is supported by the information available to the trial court at the time of its decision.

(d) As for administrative difficulties, the trial court found that the related matter pending in California would likely lead to scheduling conflicts if a separate action were permitted to proceed in Georgia. Woodard Events argues that this factor does not favor dismissal because the majority of evidence and witnesses are located

in Georgia, the California suit only pertained to Joseph Woodard individually, and California's docket was so clogged that trial would be delayed. We have already disposed of Woodard Events' first argument above. As for its argument that the California suit only pertained to Joseph Woodard individually, Woodard Events' counsel conceded that Coffee House was attempting to serve the corporate defendant, Woodard Events, in the California suit. Finally, Woodard points to no evidence supporting its last argument regarding the comparative strain on each state's dockets. We find no error in the trial court's analysis of this factor.

(e) Woodard Events argues that the trial court should have given greater weight to the sixth and seventh factors—local interests and deference to the plaintiff's choice of forum. OCGA § 9-10-31.1 (a) requires the trial court to "give consideration" to these factors, and the court's order indicates that it did so. We discern no abuse of discretion here. *See Collier v. Wehmeier*, 313 Ga. App. 421, 424 (2) (721 SE2d 919) (2011).

(f) Lastly, Woodard Events argues that the trial court ignored precedent that "the pendency of a suit in one state between the same parties and for the same cause of action furnishes no cause to stay or abate a new suit brought in a court of another state." *Ambursen Hydraulic Const. Co. v. N. Contracting Co.*, 140 Ga. 1 (78 SE 340)

7

(1913). However, this general rule must be considered in conjunction with OCGA §

9-10-31.1. Thus, while Georgia law may provide for instances where a claim may be

properly raised in a Georgia court despite the pendency of an action in another state,

the trial court may still properly find that the claim would be more appropriately

heard in another forum due to the interests of justice and convenience of the parties,

as the trial court did here. We therefore affirm the trial court's decision to dismiss the

action on forum non conveniens grounds.

*Judgment affirmed. McFadden, P. J., and Branch, J., concur.*