313 Ga. 462
FINAL COPY

S21A1068.  MCINERNEY v. MCINERNEY.

BETHEL, Justice.

This appeal presents the question of whether a superior court can transfer or dismiss a divorce case under the doctrine of forum non conveniens pursuant to OCGA § 9-10-31.1 (a) without offending Article VI, Section II, Paragraph I of the Georgia Constitution, which provides that "[d]ivorce cases shall be tried in the county where the defendant resides." As discussed below, we hold that, with respect to the question of transfer of venue, OCGA § 9-10-31.1 (a) is consistent with the authority vested in the General Assembly by Article VI, Section II, Paragraph VIII of the Georgia Constitution to enact statutes that direct the superior courts on how to exercise their power to change venue. As to the question of dismissal, OCGA § 9-10-31.1 (a) is an exercise of the General Assembly's plenary legislative power under Article III, Section VI, Paragraph I, not a

matter of venue subject to the constitutional venue provisions. The venue provisions do not limit the General Assembly's authority to provide for the dismissal of a divorce case based on the doctrine of forum non conveniens. However, because the trial court incorrectly analyzed some of the factors set forth in OCGA § 9-10-31.1 (a), we vacate the trial court's judgment and remand the case for reconsideration in accordance with this opinion.

1. Kristine Ann McInerney and Jeffrey Allen McInerney were married on June 21, 2003, and have two minor children. Kristine, who resides in Indiana with the two children, filed a complaint for divorce on May 1, 2020, in Bryan County, Georgia. At the time of the filing, the marital residence was in Bryan County, and Kristine believed Jeffrey resided there. However, Jeffrey moved to Chatham County shortly before Kristine filed for divorce. On July 2, 2020, Jeffrey sold the marital residence in Bryan County, and the sale proceeds were placed in a trust account as agreed to by the parties.

In his answer and counterclaim for divorce, Jeffrey consented to venue and jurisdiction and admitted he was a Georgia resident

2

who resided in Bryan County within six months of the filing of the complaint for divorce. In his counterclaim, he once again asserted that venue was proper in Bryan County as he was a Bryan County resident during the six-month period prior to Kristine's filing the complaint for divorce.

On July 13, 2020, approximately two months after she initiated the divorce action in Georgia, Kristine initiated a child custody action in Indiana. The parties agree that Indiana has exclusive jurisdiction over the child custody action and all child custody and visitation issues. The parties later participated in mediation in Georgia in an attempt to resolve all issues relating to their divorce and the custody of their children. They were unable to come to an agreement. After the mediation failed, Jeffrey filed a motion to dismiss the divorce case in Bryan County under the doctrine of forum non conveniens pursuant to OCGA § 9-10-31.1 (a).[1]

---

[1] OCGA § 9-10-31.1 provides:
> (a) If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a

On December 30, 2020, the superior court granted Jeffrey's

motion to dismiss, reasoning that all but the last of the statutory

---

forum outside this state or in a different county of proper venue within this state, the court shall decline to adjudicate the matter under the doctrine of forum non conveniens. As to a claim or action that would be more properly heard in a forum outside this state, the court shall dismiss the claim or action. As to a claim or action that would be more properly heard in a different county of proper venue within this state, the venue shall be transferred to the appropriate county. In determining whether to grant a motion to dismiss an action or to transfer venue under the doctrine of forum non conveniens, the court shall give consideration to the following factors:

(1) Relative ease of access to sources of proof;

(2) Availability and cost of compulsory process for attendance of unwilling witnesses;

(3) Possibility of viewing of the premises, if viewing would be appropriate to the action;

(4) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy;

(5) Administrative difficulties for the forum courts;

(6) Existence of local interests in deciding the case locally; and

(7) The traditional deference given to a plaintiff's choice of forum.

(b) A court may not dismiss a claim under this Code section until the defendant files with the court or with the clerk of the court a written stipulation that, with respect to a new action on the claim commenced by the plaintiff, all the defendants waive the right to assert a statute of limitations defense in all other states of the United States in which the claim was not barred by limitations at the time the claim was filed in this state as necessary to effect a tolling of the limitations periods in those states beginning on the date the claim was filed in this state and ending on the date the claim is dismissed.

factors — the traditional deference given to a plaintiff's choice of forum — listed in OCGA § 9-10-31.1 (a) weighed in favor of dismissal. The superior court also rejected Kristine's arguments that the factors listed in the statute weighed in favor of retaining jurisdiction in Georgia and that the statute could not be constitutionally applied in light of Article VI, Section II, Paragraph I of the Georgia Constitution.

On January 29, 2021, Kristine timely filed an application for discretionary appeal with the Georgia Court of Appeals. Reasoning that the application raised a constitutional challenge to a statute, the Court of Appeals transferred the application to this Court. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1) (giving the Supreme Court exclusive appellate jurisdiction over all cases in which the constitutionality of a statute has been drawn into question). We thereafter granted her application, and Kristine timely filed a notice of appeal.

In granting the application, we posed the following questions:

> (1) Does the provision of Article VI, Section II,

5

Paragraph I of the Georgia Constitution, that "[d]ivorce cases shall be tried in the county where the defendant resides," forbid a trial court from dismissing or transferring a divorce case pursuant to OCGA § 9-10-31.1?

(2) Is the provision of Article VI, Section II, Paragraph I of the Georgia Constitution referenced above subject to waiver by a defendant filing a motion to dismiss or transfer pursuant to OCGA § 9-10-31.1?

(3) Does Article VI, Section II, Paragraph VIII of the Georgia Constitution provide the trial court with the authority to transfer or dismiss a divorce case under OCGA § 9-10-31.1, when the case was originally brought in a proper forum? See *EHCA Cartersville, LLC v. Turner*, 280 Ga. 333, 333 (626 SE2d 482) (2006).

2. In construing these constitutional provisions and their interplay with OCGA § 9-10-31.1, we look to our traditional canons of constitutional and statutory construction for guidance.

We generally apply the ordinary signification to words in construing a constitutional provision. This means we afford the constitutional text its plain and ordinary meaning, view the text in the context in which it appears, and read the text in its most natural and reasonable way, as an ordinary speaker of the English language would.

(Citations and punctuation omitted.) *Ga. Motor Trucking Assn. v. Ga. Dept. of Revenue*, 301 Ga. 354, 356 (2) (801 SE2d 9) (2017).

"This Court must construe the Georgia Constitution to make

6

its parts harmonize and to give sensible meaning to each of them." *Blevins v. Dade County Bd. of Tax Assessors*, 288 Ga. 113, 115 (1) (702 SE2d 145) (2010). "[I]f a statutory rule contradicts a constitutional rule, then the constitutional rule prevails." *Carpenter v. McMann*, 304 Ga. 209, 211 (817 SE2d 686) (2018). With these principles in mind, we turn to the questions presented in this case.

The first and third questions we posed to the parties were designed to discern whether a trial court can transfer or dismiss a divorce case based on a motion invoking the doctrine of forum non conveniens under OCGA § 9-10-31.1 (a). That statute authorizes the trial courts to take two different types of action. First, it authorizes the *transfer* of venue over a case between counties of proper venue in Georgia when the statutory factors weigh in favor of the transfer. See OCGA § 9-10-31.1 (a) ("As to a claim or action that would be more properly heard in a different county of proper venue within this state, the venue shall be transferred to the appropriate county."). Second, the statute authorizes the *dismissal* of actions when a forum outside Georgia is found to be a more convenient

forum based on application of the same statutory factors. See OCGA § 9-10-31.1 (a) ("As to a claim or action that would be more properly heard in a forum outside this state, the court shall dismiss the claim or action.").

(a) The first question before us is whether the transfer provisions of the statute can be squared with Article VI, Section II, Paragraph I of the Georgia Constitution. That provision specifies that

> [d]ivorce cases shall be tried in the county where the defendant resides, if a resident of this state; if the defendant is not a resident of this state, then in the county in which the plaintiff resides; provided, however, a divorce case may be tried in the county of residence of the plaintiff if the defendant has moved from that same county within six months from the date of the filing of the divorce action and said county was the site of the marital domicile at the time of the separation of the parties, and provided, further, that any person who has been a resident of any United States army post or military reservation within the State of Georgia for one year next preceding the filing of the petition may bring an action for divorce in any county adjacent to said United States army post or military reservation.

Ga. Const. of 1983, Art. VI, Sec. II, Par. I. Thus, under its plain language, Paragraph I mandates that divorce cases be tried in the

8

specifically listed venues in this provision based on the residence of the parties to the case. Cf. *Bradley v. State*, 272 Ga. 740, 742 (2) (533 SE2d 727) (2000) (interpreting Article VI, Section II, Paragraph VI, which provides that "all criminal cases shall be tried in the county where the crime was committed," as a mandate).

However, this is not the end of our inquiry. As we have said before, "the legislature has the authority to create reasonable statutory rules concerning venue when the Constitution leaves space to do so." *Carpenter*, 304 Ga. at 211. And Article VI, Section II, Paragraph VIII of the Georgia Constitution provides that the "power to change the venue in civil and criminal cases shall be vested in the superior courts to be exercised in such manner as has been, or shall be, provided by law." We have held that

> by providing that superior courts have the power to change venue in the manner provided by law, Art. VI, Sec. II, Par. VIII plainly contemplates that, once a plaintiff has filed his or her action in an appropriate venue, the court has the authority to exercise its discretion to change the venue selected by the plaintiff if the General Assembly has enacted a statute authorizing it to do so.

*Turner*, 280 Ga. at 337 (2). Thus, while Paragraph I designates a

9

specific forum for filing a divorce case based on the residence of the parties to a given case, Paragraph VIII authorizes the General Assembly to designate by statute the conditions under which the superior court may transfer the case to another venue in Georgia. Accordingly, interpreting Paragraph VIII harmoniously with Paragraph I so as "to give sensible meaning to each of them," *Blevins*, 288 Ga. at 115 (1), we hold that while venue in divorce cases is proper in certain constitutionally designated places, the General Assembly may statutorily authorize the superior court to change venue in those cases.

In OCGA § 9-10-31.1 (a), the General Assembly has done just that. The statute sets forth certain circumstances in which a party may move the trial court to transfer to another proper venue in Georgia by invoking the doctrine of forum non conveniens. See OCGA § 9-10-31.1 (a). This is a valid exercise of the power granted to the General Assembly under Paragraph VIII. Accordingly, a superior court can transfer a divorce case to another proper venue under the doctrine of forum non conveniens pursuant to OCGA § 9-

10-31.1 (a) without offending Article VI, Section II, Paragraph I of the Georgia Constitution.

(b) The next question before us is whether the provision of this statute authorizing the *dismissal* of an otherwise lawfully filed suit is a permissible exercise of the General Assembly's legislative authority. We conclude that it is, but for a different reason than just discussed.

> The Constitution vests "[t]he legislative power of the state" in the General Assembly, Ga. Const. of 1983, Art. III, Sec. I, Par. I, and as we have explained, the lawmaking power of the General Assembly is "plenary." *Bryan v. Ga. Public Service Comm.*, 238 Ga. 572, 573 (234 SE2d 784) (1977). See also *Sears v. State of Ga.*, 232 Ga. 547, 553-554 (3) (208 SE2d 93) (1974) ("The inherent powers of our State General Assembly are awesome . . . . [The General Assembly] is absolutely unrestricted in the power to legislate, so long as it does not undertake to enact measures prohibited by the State or Federal Constitution." (Citation omitted)). For that reason, when this Court is asked to consider the constitutionality of an act of the General Assembly, we must indulge a strong presumption that it is a proper exercise of the legislative power, *SEIU v. Perdue*, 280 Ga. 379, 380 (628 SE2d 589) (2006), and this presumption can be overcome only by a showing of a "clear and palpable" conflict with the Constitution. *Dev. Auth. of DeKalb County v. State of Ga.*, 286 Ga. 36, 38 (1) (684 SE2d 856) (2009).

*DeKalb County School Dist. v. Ga. State Bd. of Ed.*, 294 Ga. 349, 352-353 (1) (751 SE2d 827) (2013). See also Ga. Const. of 1983, Art. III, Sec. VI, Par. I ("The General Assembly shall have the power to make all laws not inconsistent with this Constitution, and not repugnant to the Constitution of the United States, which it shall deem necessary and proper for the welfare of the state.").

OCGA § 9-10-31.1 (a) authorizes the dismissal of a case when a forum outside the State is found to be more convenient based on the application of the statutory factors. Critical to the question before us, although Article VI, Section II, Paragraphs I and VIII address the General Assembly's authority to provide for *where* in Georgia a divorce case can be tried, those provisions do not address the legislature's authority to provide for dismissal of a divorce case in favor of a forum outside Georgia. See *Holtsclaw v. Holtsclaw*, 269 Ga. 163, 163-164 (496 SE2d 262) (1998) ("Because the courts of Georgia have no inherent authority to decline to exercise the jurisdiction otherwise granted by our constitution, the doctrine of forum non conveniens is generally governed by statutory

12

provisions.").[2] That is, the dismissal of a divorce case under OCGA § 9-10-31.1 (a) presents the question of *whether* a case ought to be tried *anywhere* in Georgia, which does not implicate the constitutional venue provisions in Paragraphs I and VIII. The parties have not pointed us to any other provision in the Georgia Constitution limiting the General Assembly's authority to provide for dismissal of a divorce case based on forum non conveniens. Where, as here, OCGA § 9-10-31.1 has not been shown to be in "clear and palpable" conflict with the Constitution and there is no suggestion that dismissal in favor of adjudication in a forum outside Georgia violates due process of law or some other constitutional right of the parties, we see no constraint in the Georgia Constitution on the General Assembly's power to provide trial courts with the

---

[2] *Holtsclaw* held that while OCGA § 19-9-47 (a) "authorizes a court of this state to decline to exercise its jurisdiction to make a child custody determination 'if it finds that it is an inconvenient forum . . . under the circumstances of the case and that a court of another state is a more appropriate forum,'" that statute did not apply to divorce actions. (Citation omitted.) 269 Ga. at 164-165. But *Holtsclaw* was decided before the enactment of OCGA § 9-10-31.1, which applies to all civil actions. See *Spies v. Carpenter*, 296 Ga. 131, 133 (1) (765 SE2d 340) (2014) (noting that OCGA § 9-10-31.1 "could serve to modify the holding in *Holtsclaw*" where the new statute, rather than OCGA § 19-9-47, was invoked to support a forum non conveniens motion).

13

authority to dismiss a divorce suit consistent with the principles of forum non conveniens.

Because there does not appear to be any provision of the Georgia Constitution that bars the General Assembly from enacting the dismissal provisions of OCGA § 9-10-31.1 (a), we hold that those provisions are a valid exercise of the General Assembly's plenary legislative power under Article III, Section VI, Paragraph I of the Georgia Constitution.[3] Thus, the superior court's application of OCGA § 9-10-31.1 in this case did not offend Article VI, Section II, Paragraph I of the Georgia Constitution.

(c) Though we did not pose a question to the parties about the merits of the trial court's ruling on Jeffrey's motion to dismiss for forum non conveniens, Kristine argues that he cannot move the court to dismiss on these grounds in good faith because he chose to sell the marital property and move out of Bryan County, and because he asserted that venue was proper in his counterclaim.

---

[3] We limit our analysis to the constitutional provisions addressed in this opinion and express no opinion about whether OCGA § 9-10-31.1 (a) may offend other provisions of the Georgia Constitution.

Kristine further argues that the court did not require Jeffrey to present evidence and that he failed to do so as to several of the factors enumerated in OCGA § 9-10-31.1 (a), that the burden was improperly shifted onto her as a result, and that the court improperly weighed the statutory factors. We agree that the trial court incorrectly analyzed some of the factors set forth in OCGA § 9-10-31.1 (a).

The decision to dismiss a case properly filed in Georgia in favor of its resolution in a foreign forum is a momentous one that requires careful consideration in accordance with the provisions of the statute. The burden to show the factors set forth in OCGA § 9-10-31.1 (a) supporting a dismissal is on the moving party. See *R. J. Taylor Mem. Hosp. v. Beck*, 280 Ga. 660, 662 (3) (631 SE2d 684) (2006). The trial court's application of the standard in OCGA § 9-10-31.1 (a) "to the peculiar circumstances of a particular case is a matter committed to the sound discretion of the trial court," and our review is for an abuse of that discretion. *Wang v. Liu*, 292 Ga. 568, 569 (1) (740 SE2d 136) (2013).

Kristine's argument that Jeffrey cannot move to dismiss for forum non conveniens because he chose to sell the marital property and move and because he admitted proper venue in his counterclaim fails. Kristine claims that the trial court should have considered where the martial property was located at the time she filed her divorce complaint because venue was "set" then rather than at the time Jeffrey's motion was filed. But a *proper* venue is not necessarily the most *convenient* venue. Thus, the issue is not whether venue was proper where the action was filed, but whether there is sufficient evidence to support a conclusion that "in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state." OCGA § 9-10-31.1 (a). Accordingly, Jeffrey's sale of the marital residence and admission that venue was proper in Bryan County did not preclude consideration of his motion to dismiss.

In considering the merits of the motion to dismiss, the trial court's order recited several undisputed facts on which the court relied. The order then discussed each of the seven statutorily

16

enumerated factors and the facts supporting them before concluding that dismissal was appropriate. More specifically, based on the undisputed facts and the arguments of counsel, and in light of the record before it, the trial court held that: (1) none of the parties or other relevant witnesses reside in Bryan County, no marital property exists there, and most of the proof pertaining to the case exists in Indiana, where Kristine and the children live; (2) witnesses' availability favored Indiana because the parties previously lived there, the custody action was pending there, and Kristine and the children lived there; (3) there was no premises to view in Bryan County; (4) inadequate evidence was offered to support that Kristine's rights to pursue her remedy would be compromised by transferring the case; (5) coordination of the divorce and child custody suits presented unnecessary obstacles given the interplay between child custody and support; (6) there was no local interest in deciding the case because none of the parties resided in Bryan County; and (7) Kristine was entitled to the traditional deference given to a plaintiff's choice of forum.

Kristine does not challenge the undisputed facts on which the trial court relied in evaluating the OCGA § 9-10-31.1 (a) factors, but argues instead that the court did not properly analyze two of the factors and that the court improperly weighed the last factor. Specifically, Kristine maintains that Jeffrey should have identified and presented evidence concerning witnesses who were unwilling to come to Bryan County and the costs associated with obtaining their testimony with respect to the second factor, that the court improperly shifted the burden to her as to the fourth factor when it stated that "inadequate evidence was offered to support that [Kristine]'s right to pursue her remedy would be compromised by transferring the case to the Indiana Court," and that the court did not assign sufficient weight to her choice of forum.

In reviewing the trial court's order with respect to each of the seven statutory factors, we agree that the court erred in its legal analysis of the second and fourth factors.[4] And "[a] trial court abuses

---

[4] Additionally, while the court weighed the third factor in favor of granting Jeffrey's motion for forum non conveniens, it appears that the

18

its discretion when the exercise of discretion was infected by a significant legal error." *Rockdale Hosp. v. Evans*, 306 Ga. 847, 851 (2) (b) (834 SE2d 77) (2019).

The second factor set forth in OCGA § 9-10-31.1 (a) requires the court to consider the "[a]vailability and cost of compulsory process for attendance of *unwilling* witnesses." (Emphasis supplied.) However, the court's order indicates that it instead considered the availability of witnesses generally. Considerations of witness convenience and efficient access to other evidence are more properly included with respect to the first factor. In considering the second factor, the court should determine whether any witnesses are unwilling to voluntarily travel to Bryan County for trial (as opposed to merely being inconvenienced by the prospect) and the cost of compulsory process for securing any such witnesses' attendance.

With respect to the fourth factor, the court's order indicates

---

"[p]ossibility of viewing of the premises, if viewing would be appropriate to the action," is not relevant to the case. The absence of a physical premises that may require viewing in the existing venue does not favor transfer or dismissal, but also does not provide a basis for retaining the case. Thus, this factor should be considered neutral in the forum non conveniens analysis.

19

that Kristine's failure to offer adequate evidence that her rights to pursue her remedy would be compromised by transferring the case to Indiana weighed in favor of transfer. But it is Jeffrey, not Kristine, who has the burden of showing that this fourth factor favors dismissal. See *Beck*, 280 Ga. at 662 (3). Though it may often be in the interest of the plaintiff to produce evidence with respect to forum non conveniens factors when opposing transfer or dismissal, the burden never leaves the moving party.

Because it did not properly consider these factors, the trial court did not properly exercise its discretion under the forum non conveniens statute, and we cannot definitively say how the trial court would exercise its discretion under the correct legal analysis. See *State v. Hill*, 295 Ga. 716, 718 (763 SE2d 675) (2014) ("[I]f the trial court significantly misapplies the law or makes a clear error with regard to a material finding of fact, the trial court's exercise of discretion can be upheld only if this Court can reach the conclusion that had the trial court used the correct facts and legal analysis, it would have had no discretion to reach a different judgment.").

20

Therefore, we vacate the court's judgment and remand the case for the trial court to reconsider the factors set forth in OCGA § 9-10-31.1 (a) in accordance with this opinion.[5]

(d) Because of our holding in Division 2 (a) above, we need not address the second question posed by this Court.

*Judgment vacated and case remanded with direction. All the Justices concur.*

Decided March 15, 2022.

OCGA § 9-10-31.1 (a); constitutional question. Bryan Superior Court. Before Judge Rose.

*Johnson Kraeuter, K. Paul Johnson, Elizabeth E. Berenguer,* for appellant.

*Oliver Maner, Andrew M. Wilkes, William C. Phillips*, for appellee.

---

[5] Because this disposition requires the trial court to reconsider the factors and conduct the analysis required by the statute, we express no opinion with respect to Kristine's argument that the trial court failed to give sufficient weight to her choice of venue.

21